IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**THEODORE VICKERS,**

      Plaintiff,

    v.

**OFFICER J. JENSRUD, UNITED STATES OF AMERICA, and JOHN DOES 1 through 20**,

      Defendants.

No. 3:12-cv-02102-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff Theodore Vickers filed a second amended complaint [23] asserting a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Officer Jensrud and twenty Doe defendants, and a negligence claim under the Federal Tort Claims Act ("FTCA") against the United States. Defendants moved to dismiss [27] the *Bivens* claim on grounds of qualified immunity and the negligence claim under the discretionary function exception to the FTCA. Mr. Vickers filed an opposition [34], and Defendants replied [40]. I will convert the motion to one for summary judgment as to the *Bivens* claim and grant the motion as to the negligence claim.

1 – OPINION AND ORDER

**FACTUAL AND PROCEDURAL BACKGROUND**

Ms. Vickers was an inmate housed at the Federal Correctional Institute in Sheridan ("Sheridan") when the events underlying this action took place. (2d Am. Complaint [23] at ¶¶ 1, 13.) Officer Jensrud was a Senior Officer at Sheridan. *Id.* at ¶¶ 3, 14. Mr. Vickers is Caucasian. *Id.* at ¶ 19. He alleges that on November 21, 2010, Officer Jensrud witnessed "an escalating verbal exchange" between Mr. Vickers and Tommy Lee Vasquez, another inmate and a Latino. *Id.* at ¶¶ 15, 17, 19, 23. Officer Jensrud did not intervene, but told a fellow officer that he thought a fight was likely. *Id.* at ¶ 18. Soon afterward he found Mr. Vickers lying on the floor in the cell block, bleeding profusely from injuries to his face. *Id.* at ¶ 27.

Mr. Vickers filed suit against Officer Jensrud and twenty Doe defendants, alleging that they violated his Eighth Amendment rights by manifesting deliberate indifference to a substantial risk that Mr. Vasquez would attack him. *Id.* at ¶¶ 32–40. He also alleged a claim of negligence against the United States based on the same conduct. *Id.* at ¶¶ 41–47.

**DISCUSSION**

**I.**     *Bivens* **Claim and Materials Outside the Complaint**

Defendants move to dismiss Mr. Vickers's *Bivens* claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis of qualified immunity.

A dismissal under Rule 12(b)(6) based on qualified immunity "is not appropriate unless [the court] can determine, based on the complaint itself, that qualified immunity applies." *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001). If the parties present evidence outside the complaint on a Rule 12(b)(6) motion, the court must either disregard the evidence or convert the motion into one for summary judgment. Fed. R. Civ. P. 12(d). The parties must then "be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

In arguing and opposing Defendants' assertion of qualified immunity, both parties have presented extensive excerpts from testimony at Mr. Vasquez's criminal assault trial, as well as a Sheridan employee's declaration.  (*See, e.g.*, Mr. Vickers's Test. [29-1]; Ofc. Jensrud's Test. [34-1]; Ms. Syed's Decl. [30].)  Each of these materials is evidence outside of the four corners of Mr. Vickers's complaint.  Short of excluding the evidence, my only option is to convert Defendants' motion into one for summary judgment as to Mr. Vickers's *Bivens* claim.  I will do so.

## II.     Discretionary Function Exception

Defendants move to dismiss Mr. Vickers's negligence claim against the United States because Officer Jensrud's actions fall within the discretionary function exception to the FTCA.

An attack under Rule 12(b)(1) of the Federal Rules of Civil Procedure upon the court's subject matter jurisdiction "may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  In a factual attack, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Id.*

The FTCA provides for jurisdiction in the district courts over claims of negligence against the United States.  28 U.S.C. § 1346(b)(1).  This waiver of sovereign immunity does not apply, however, to "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government."  28 U.S.C. § 2680(a).  Courts analyze whether conduct falls within this discretionary function exception using a two-part test.  *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988).  The first question is whether the conduct "is a matter of choice."  *Id.* at 536.  The exception does not apply if federal law or policy "specifically prescribes a course of action" that a government employee must take.  *Id.*  The second is whether the conduct

involved "considerations of public policy." *Id.* at 537.  Evidence that the employee actually weighed policy is unnecessary.  *Terbush v. United States*, 516 F.3d 1125, 1136 n.5 (9th Cir. 2008).  All that is required is that the decision was "susceptible to public policy analysis." *Bailey v. United States*, 623 F.3d 855, 861 (9th Cir. 2010).  The government bears the burden of proving that the discretionary function exception applies.  *Green v. United States*, 630 F.3d 1245, 1248–49 (9th Cir. 2011).

Officer Jensrud's response to the argument between Mr. Vickers and Mr. Vasquez falls within the discretionary function exception.  Though federal law requires the Bureau of Prisons to "provide for the safekeeping" of federal inmates, 18 U.S.C. § 4042(a)(2), individual officers may choose how to respond to a safety threat.  An officer's choice of response requires him to "balanc[e] the need to provide inmate security with the rights of inmates to circulate and socialize," *Alfrey v. United States*, 276 F.3d 557, 564 (9th Cir. 2002), and therefore rests on a policy judgment.  Officer Jensrud's actions in response to any threat Mr. Vasquez posed to Mr. Vickers fall squarely within the discretionary function exception to the FTCA.  This Court therefore lacks jurisdiction over Mr. Vickers's negligence claim against the United States.

### III.    Doe Defendants

Defendants request that I dismiss the twenty Doe defendants from this action.  (Mem. in Supp. [28] at 19.)  In the Ninth Circuit, Doe defendants are properly named "where the identity of alleged defendants will not be known prior to the filing of a complaint."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  The plaintiff in such a case should have the opportunity to uncover the Does' identities during discovery, "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.*  Here, Mr. Vickers named Doe defendants because he "does not currently know [their] true

identit[ies]." (Am. Compl. [23] at ¶¶ 5–6.)  Defendants do not argue that discovery clearly will not uncover their identities.  I conclude that the Doe defendants should remain until Mr. Vickers has had a chance to identify them during discovery (or until summary judgment is granted on the *Bivens* claim, if that should occur).

## CONCLUSION

Because the parties have submitted extensive materials outside the complaint, Defendants' motion to dismiss Mr. Vickers's *Bivens* claim under Rule 12(b)(6) is converted into one for summary judgment.  The parties will have an opportunity to submit additional evidence and argument.  Defendants' motion to dismiss Mr. Vickers's negligence claim against the United States is GRANTED for lack of jurisdiction, and the claim is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this   13   day of November, 2013.

                                                    /S/Michael W. Mosman
                                                    MICHAEL W. MOSMAN
                                                    United States District Judge